FILED
14-0470
10/30/2015 1:41:37 PM
tex-7619469
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

No. 14-0470

# IN THE SUPREME COURT OF TEXAS

---

NANDITA BERRY, in her official capacity
as Secretary of State of Texas,
*Petitioner/Cross-Respondent*,

vs.

TARRANT COUNTY DEMOCRATIC PARTY, STEVE MAXWELL, in his official
capacity as Chair of the Tarrant County Democratic Party, TEXAS
DEMOCRATIC PARTY, and GILBERTO HINOJOSA, in his official capacity
as Chair of the Texas Democratic Party,
*Respondents/Cross-Petitioners*.

---

*ON PETITION FOR REVIEW FROM THE FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS*

---

## MOTION FOR REHEARING

---

Renea Hicks
LAW OFFICE OF MAX RENEA HICKS
State Bar No. 09580400
101 West 6th Street, Suite 504
Austin, Texas 78701-2934
Tel:  (512) 480-8231
Fax: (512) 480-9105
rhicks@reneahicks.com

Chad W. Dunn
BRAZIL & DUNN LLP
State Bar No. 24036507
4201 Cypress Creek Pkwy., Ste. 530
Houston, Texas 77068
Tel:  (281) 580-6310
Fax: (281) 580-6232
chad@brazilanddunn.com

Attorney for Tarrant County
Democratic Party Respondents

Attorney for Texas Democratic
Party Respondents

**TABLE OF CONTENTS**

Index of Authorities ..................................................................................ii

Rehearing Argument.................................................................................1

    The Court should hold on rehearing that, to the extent he had discretion
    as to the *Brimer* fee recovery requests, the Secretary abused his discretion.

Conclusion.................................................................................................3

Certificate of Compliance ........................................................................5

Certificate of Service.................................................................................5

# INDEX OF AUTHORITIES

**Cases**

*Rodriguez v. Service Lloyd's Ins. Co.*, 997 S.W.2d 248 (Tex. 1999).....................3

*Texas Coast Utilities Coalition v. RRC*, 423 S.W.3d 355 (Tex. 2014) .................3

**Rules and administrative references**

1 Tex. Admin. Code § 81.134(c) (2003) ..........................................................2

28 Tex. Reg. 8218 (Sept. 26, 2003) ................................................................2

## MOTION FOR REHEARING

The political party respondents move for rehearing of the Court's *per curiam* decision of October 30, 2015. The grounds follow.

The political party respondents seek rehearing as to the decision on the merits, found at pages 7-14 of the slip opinion of October 30, 2015. The Court on rehearing should hold that, to the extent the Secretary had discretion in allowing or disallowing the requested fee reimbursements in the *Brimer* matter, he abused that discretion.

The Court's decision leaves the chief election officer of Texas completely unaccountable in administration of a duty where even-handedness and accountability must be paramount. The upshot of the ruling is that there is no legal principle at all governing the Secretary in his decisions about when and whether to reimburse political party primary expenses. Under the ruling, the Secretary is not required to provide any explanation for a reimbursement decision, whether it be for or against a requested reimbursement. He now is authorized to treat two factually indistinguishable reimbursement requests in diametrically opposed ways. And whether he took such irreconcilable positions based on whim, partisan favoritism, personal dislikes, or principled reasoning is of no legal consequence whatever. No

explanation is required, and what he says in any individual situation *is* the law, even if there is no legal rationale underpinning it.

This decision of the Court cannot be reconciled with the language of the administrative rule at issue, with the explicit basis for that rule, or with settled administrative law principles.

**The rule's language.** The 2003 rule—Rule 81.134—is the Secretary's own rule. He formulated it, and he is bound by it. It directs that he "shall" provide attorney fee reimbursements if the conditions otherwise warrant it. The Court's ruling effectively eliminates the "shall." In its stead, the phrase "may or may not, as he wishes but need not explain" is substituted.

**The reason for the rule.** The reason for the rule was the opposite of the principle established in the Court's ruling. The Secretary explained that it was being promulgated so that there would henceforth be "uniformity" in the Secretary's application, interpretation, and operation of the Election Code provisions it was implementing. 28 Tex. Reg. 8218 (Sept. 26, 2003). After the Court's ruling, "uniformity" has nothing to do with applying the rule. After the rule's 2003 promulgation, the Secretary ruled one way in 2006 on the factual situation forming the basis for this case's fee recovery claim. In 2008—in the *Brimer* fee recovery request—he ruled in precisely the opposite way. There had

been no legal changes at all in the relevant statutes or rules between 2006 and 2008. The only thing that changed were the individuals administering them—and the reimbursement decisions they made. Permitting this approach—allowing the chief election officer of the State to rule one way one election cycle and precisely the opposite the next, without any intervening change in the governing legal rules—is the opposite of using the rule to achieve uniformity.

**Conflicting administrative law principles.** The Court has long disapproved of Texas agencies engaging in *ad hoc* rulemaking. *See Rodriguez v. Service Lloyd's Ins. Co.*, 997 S.W.2d 248, 255 (Tex. 1999). And it has explained that deference is owed only to "reasonable" agency interpretations of statutes and rules within their purview. *See Texas Coast Utilities Coalition v. RRC*, 423 S.W.3d 355, 363 n.16 (Tex. 2014). An opaque, unexplained decision to use a rule one way at one time and precisely the opposite the next is *ad hoc* rulemaking of the most blatant sort. And to make the second, different decision without any explanation whatever of the reason for the 180-degree about-face is not a "reasonable" agency interpretation when the decision is unaccompanied by any reasoning.

## CONCLUSION

Rehearing should be granted. The Court should vacate its decision. It then should deny the Secretary's petition for review. Alternatively, if the Secretary's

3

petition for review is granted, the Court should affirm the judgment of the court of appeals on the fee recovery claim.

Respectfully submitted,

**LAW OFFICE OF MAX RENEA HICKS**

*/s/ Renea Hicks*
Renea Hicks - 09580400
Attorney at Law
101 West 6th Street
Austin, Texas  78701
Telephone: (512) 480-8231
Facsimile: (512) 480-9105
rhicks@renea-hicks.com

Attorney for Tarrant County Democratic Party Respondents


**BRAZIL & DUNN, LLP**

*/s/ Chad Dunn*
Chad W. Dunn - 24036507
K. Scott Brazil - 02934050
4201 Cypress Creek Parkway, Suite 530
Houston, Texas  77068
Telephone: (281) 580-6310
Facsimile: (281) 580-6362
chad@brazilanddunn.com
scott@brazilanddunn.com

Attorney for Texas Democratic Party Respondents

**CERTIFICATE OF COMPLIANCE**

Based on the word count provided by the computer program used to prepare this response, counsel states that the number of words in the pertinent pages of the document is 668.

/s/ Renea Hicks
Renea Hicks

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Motion for Rehearing has been served through the electronic filing system on the following counsel of record on October 30, 2015:

Dustin M. Howell
ASSISTANT SOLICITOR GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
dustin.howell@texasattorneygeneral.gov

/s/ Renea Hicks
Renea Hicks